

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GLEN C. OSBORNE | CIVIL ACTION NO. 00-1338-A |
| -vs- | JUDGE DRELL |
| BURL CAIN | MAGISTRATE JUDGE KIRK |

# RULING

Before the Court is the Magistrate Judge's Report and Recommendation suggesting Glen Osborne's Application for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 filed June 5, 2000 (Document No. 1) be denied and dismissed with prejudice. (Document No. 2.) After reviewing the entire file in this matter, with oral argument de novo review, and concurring with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation *subject only to the modifications outlined herein.*

    1.    First Application for Post-Conviction Relief

The procedural bar doctrine[1] applies to the claims raised in Petitioner's first application for post-conviction relief (habeas grounds 3, 4, and 5(c), (d), and (e)). That is, habeas grounds 3, 4, and 5(c), (d), and (e) are procedurally barred unless Petitioner can

---

[1] See supra, p. 4 of the Report and Recommendation of the Magistrate Judge.

demonstrate cause and prejudice or actual innocence.[2] See Coleman v. Thompson, 501 U.S. 722, 729 (1991). In his *Habeas Corpus* petition, Petitioner urges two arguments as to why cause and prejudice exist sufficient to overcome the procedural bar in the present case.

First, Petitioner alleges that his first post-conviction application, filed on November 14, 1996, was not untimely. More specifically, Petitioner claims that the three-year prescriptive period for filing state post-conviction relief did not commence until the Louisiana Supreme Court denied his Application for Writ of Certiorari on April 21, 1995; and consequently, Petitioner's first post-conviction application filed on November 14, 1996 was timely. In support of this claim, Petitioner contends that, because the Louisiana Supreme Court permitted Petitioner to file his writ application "out-of-time," accepted the writ, ordered a response, and considered the writ for two years, the three-year prescriptive period for post-conviction relief did not commence until the writ was denied on April 25, 1995. This argument, however, is without merit.

The Louisiana Supreme Court properly dismissed Petitioner's first application for post-conviction relief filed on November 14, 1996 as untimely. The Court denied Petitioner's application pursuant to the guidance contained in La.C.Cr.P. art. 930.8. That article states, in pertinent part, that "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the

---

[2] In the present case, Petitioner has failed to raise a claim of actual innocence.

provisions of Article 914 or 922. . ."[3] La.C.Cr.P. art. 930.8(A). A judgment of conviction and sentence rendered by the Louisiana Supreme Court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made. See La.C.Cr.P. art. 922(B). A party may apply for rehearing within fourteen days of rendition of the judgment of the supreme court or appellate court. La.C.Cr.P. art. 922(A). In addition, if a writ of review is *timely* filed with the Louisiana Supreme Court, the appellate court's judgment from which the writ of review is sought will not become final until the supreme court denies the writ. See State v. Bennet, 610 So. 2d 120 (La. 1992). To be considered timely, however, an application for review to the Louisiana Supreme Court must be made within thirty days of the mailing of the notice of the original judgment of the court of appeal. La. Sup. Ct. Rule X, sec. 5.

In the case at bar, the record reveals that Petitioner's conviction was affirmed on January 22, 1992 by the Louisiana Second Circuit Court of Appeal. Thus, according to the abovementioned procedural articles, to prevent his conviction from becoming final, Petitioner would have had to file for rehearing to the Louisiana Second Circuit Court of Appeal by February 5, 1992 or file an application for review to the Louisiana Supreme Court by February 21, 1992. Petitioner, however, failed to meet either of these prescriptive periods. Rather, Petitioner filed his application for review of the Second Circuit Court of Appeal's ruling on March 24, 1993 – one year and sixty-one days after

---

[3] The exceptions enumerated under 930.8(A) are inapplicable to the facts in the present case.

the appellate court's affirmation. As a result, for purposes of state post-conviction relief, Petitioner's conviction became final on February 22, 1992. Once Petitioner's conviction became final, Petitioner was precluded from seeking direct review of it.[4] Therefore, Petitioner's writ application to the Louisiana Supreme Court filed on March 24, 1993 was considered on collateral review, not on direct appeal. In other words, the Louisiana Supreme Court treated Petitioner's application as an application for post-conviction relief.[5]

Following that understanding we see, the three-year prescriptive period for post-conviction relief commenced as of the date of finality for Petitioner's conviction, namely, February 22, 1992. See La.C.Cr.P. art. 922(B). Under La.C.Cr.P. art. 930.8, Petitioner had until February 22, 1995 to file his first application for post-conviction relief. However, Petitioner's first application for post-conviction relief was not filed until November 14, 1996 – more than three years after Petitioner's conviction had become final. Thus, the Louisiana Supreme Court was correct in dismissing that application as untimely pursuant to La.C.Cr.P article 930.8.

---

[4] See State v. Jacobs, 504 So. 2d 817 (La. 1987); (holding that, "[s]ince the request for review of the intermediate court's judgment was untimely, we treated the filing as an application for post-conviction relief").

[5] In brief, Respondent contends that the use of the prefix "KH" in the docket number assigned to Petitioner's writ application – filed on March 24, 1993 – indicated that the Louisiana Supreme Court considered this matter on collateral, not direct review. To support this contention, we required Respondent to obtain verification from the Louisiana Supreme Court that this is the case. (See Record, Document # 60). In light of the correspondence obtained by Respondent from the Louisiana Supreme Court's Clerk of Court, which is attached hereto and marked as Exhibit 1, this Court takes judicial notice that the Louisiana Supreme Court uses the prefix "KH" for post-conviction inmate filings, indicating that the court is considering the matter on collateral review, rather than on direct appeal.

Second, to demonstrate that cause and prejudice exist sufficient to overcome the procedural bar in the present case, Petitioner avers that facts external to his actions worked to exhaust the three-year prescriptive period for filing for post-conviction relief. More specifically, Petitioner asserts that "State-action," along with appellate counsel's failure to file writs after informing Petitioner that he would, misled Petitioner into defaulting his claims.

On January 23, 1992 (one-day after the Louisiana Second Circuit Court of Appeal affirmed Petitioner's conviction), appellate counsel notified Petitioner, in writing, that he would apply to the Louisiana Supreme Court for "writs of certiorari and review in this case." (Document No.1, Exhibit A-1). Further, according to Petitioner, after writing appellate counsel and receiving no response, on December 1, 1992, Petitioner wrote to the Clerk of the Louisiana Supreme Court regarding the status of his writ. In response to Petitioner's letter, on February 3, 1993 the Clerk of Court notified Petitioner that no writ had been filed in the matter, but that Petitioner could file *pro se*. Thereafter, on March 24, 1993, Petitioner filed an application for writ of certiorari in the Louisiana Supreme Court. These facts, according to Petitioner, demonstrate cause and prejudice sufficient to overcome the state procedural bar.[6] Again, Petitioner's argument is without merit.

The record shows that, notwithstanding appellate counsel's failure to file timely writs, the Louisiana Supreme Court, nonetheless, considered Petitioner's writ on the

---

[6] In addition to appellate counsel's actions, Petitioner contends that "State-action" contributed to Petitioner's defaulting on his claims. However, Petitioner has failed to show any "objective factor external to the defense" that prejudiced Petitioner to which "State-action" contributed. See Murray v. Carrier, 477 U.S. 478, 488 (1986).

5

merits. While Petitioner's application may have been marked by the Clerk of Court as untimely, the writ denial document itself evinces that the Court's denial of Petitioner's application was *not* based on untimeliness. Our review of Louisiana jurisprudence shows that a writ denial issued by the Louisiana Supreme Court based on untimeliness either contains the designation "untimely" (or some variation thereof) or cites to a statute or to jurisprudence which would support such a finding.[7] Following this observation, we see the Louisiana Supreme Court's writ denial of Petitioner's *first* application for post-conviction relief on March 27, 1998, cites the statute supporting the court's determination that the writ was untimely. See Osborne v. State, 716 So. 2d 883 (La. 1998). Yet, with respect to Petitioner's writ application filed on March 19, 1993, the Louisiana Supreme Court's writ denial contains no such designation. That is, unlike Petitioner's first application for post-conviction relief, the Louisiana Supreme Court's writ denial of his application filed on March 24, 1993 neither contains the designation "untimely" (or some variation thereof) nor cites to a statute or to jurisprudence which supports a finding of untimeliness. See Osborne v. State, 653 So. 2d 557 (La. 1995); Osborne v. State, 716 So. 2d 883 (La. 1998). Thus, a reasonable inference may be drawn that the Louisiana Supreme Court did not deny the writ application based on untimeliness but, rather, considered Petitioner's 1993 writ application. Moreover, the fact that the second

---

[7] See e.g., State v. Parker, 930 So. 2d 13 (La. 2006)(Denied. Untimely and repetitive.); State v. Jacomine, 499 So. 2d 90 (La. 1987)(Denied. The application is untimely.); State v. Grasso, 929 So.2d 1251 (La. 2006)(Denied. Untimely.); State v. Day, 631 So. 2d 1160 (La. 1994)(Denied. Relator's request for an extension of time was untimely filed.); La. Horseman's Benevolent Ass'n v. Fair Grounds Corp., 674 So. 2d 968 (La. 1996)(Denied. Untimely.).

application was not denied until two years after it was filed, further supports this inference.

Accordingly, because we believe the Louisiana Supreme Court did not dismiss Petitioner's writ application as untimely, Petitioner's argument of appellate counsel's actions having misled Petitioner into procedurally defaulting his claims is rendered moot. In other words, because we believe the Louisiana Supreme Court considered Petitioner's application as if timely filed, Petitioner has failed to show that his appellate counsel's actions actually prejudiced Petitioner's interests. Therefore, Petitioner has failed to overcome the procedural bar and, consequently, this Court may not address habeas claims 3, 4, and 5(c), (d), and (e). See Coleman v. Thompson, 501 U.S. 722, 729, 11 S. Ct. 2546, 2554 (1991).

Accordingly, Mr. Osborne's Application for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 will be DENIED and DISMISSED WITH PREJUDICE.

SIGNED on this _____ day of November, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE



# STATE OF LOUISIANA
# DEPARTMENT OF JUSTICE
# CRIMINAL DIVISION
## FAX TRANSMITTAL

DATE: 9/26/06

TO: Richard Voohries

FROM: Mimi Hunley

FAX NUMBER: ~~---~~ 318 473 7425

NUMBER OF PAGES: 4 (INCLUDING THIS PAGE)

MESSAGE: See top for reply from LASC

NOTE: IF YOU DO NOT RECEIVE ALL PAGES, CONTACT Mimi AT 225-328-2856

P.O. BOX 94005
BATON ROUGE, LOUISIANA 70804-9(
PHONE: (225) 326-6200
FAX: (225) 326-6297

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

EXHIBIT 1

Hunley, Mimi

| From: | John Tarlton Olivier [JOlivier@LASC.ORG] |
|---|---|
| Sent: | Tuesday, September 19, 2006 11:24 AM |
| To: | Hunley, Mimi |
| Subject: | RE: Activity in Case 1:00-cv-01338-DDD-JDK Osborne v. LA State Pen "Order" |

Dear Ms. Hunley,

    This will confirm that in general, post conviction inmate filings are designated "KH". However, as I said in our telephone conversation, some filing are not limited to post conviction matters and may be given other designations. The designation does not dictate the ultimate determination or action of the court. Each application or filing is considered regardless of the designation. The designation is used to assist the court in routing of the work.

    Please let me know if additional clarification or information is needed.

John Tarlton Olivier
Clerk of Court
Louisiana Supreme Court
400 Royal Street
New Orleans, LA   70130-8102
504-310-2300

The information contained in this e-mail transmittal, including any attached document(s), is confidential. The information is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any use, disclosure, copying, or distribution of the contents hereof is strictly prohibited.

---

From: Hunley, Mimi [mailto:HunleyM@ag.state.la.us]
Sent: Tuesday, September 19, 2006 11:09 AM
To: John Tarlton Olivier
Subject: FW: Activity in Case 1:00-cv-01338-DDD-JDK Osborne v. LA State Pen "Order"

-----Original Message-----
From: Hunley, Mimi
Sent: Tuesday, September 19, 2006 11:00 AM
To: 'jolivier@lsc.org'
Subject: FW: Activity in Case 1:00-cv-01338-DDD-JDK Osborne v. LA State Pen "Order"

Dear Mr. Olivier,

Please see the email order from the Western District Federal Court. In my Memorandum to the court in the below entitled matter I made reference to the fact that the Louisiana Supreme Court designates pro se collateral matters with a docket number containing the letters "KH". In this particular matter the court designated Mr. Osborne's writ related to his post conviction relief application as 93-KH-0718. The Western District has asked me to verify this procedure and I ask that you please explain the designation procedure in this email. I appreciate your help in this matter.

Mimi Hunley

1

Assistant Attorney General

225-326-6256

-----Original Message-----
From: Reply@lawd.uscourts.gov [mailto:Reply@lawd.uscourts.gov]
Sent: Tuesday, September 12, 2006 1:35 PM
To: Clerk@lawd.uscourts.gov
Subject: Activity in Case 1:00-cv-01338-DDD-JDK Osborne v. LA State Pen "Order"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Western District of Louisiana

Notice of Electronic Filing

The following transaction was received from Leleux, M entered on 9/12/2006 at 1:34 PM CDT and filed on 9/12/2006

Case Name:

Osborne v. LA State Pen

Case Number:

1:00-cv-1338 <https://ecf.lawd.uscourts.gov/cgi-bin/DktRpt.pl?240>

Filer:

Document Number:

60 <https://ecf.lawd.uscourts.gov/cgi-bin/show_case_doc?60,240,,73142894,,,2365985>

Docket Text:
ORDER re: [56] Pretrial Memorandum filed by Warden Louisiana State Penitentiary. ORDERED that on or before 9/20/06 respondent shall present evidence, if any, for the record, that a "KH" designation is given to writs subject to collateral review. Respondent shall present a copy of hte cover of the writ applicaiton allegedly containing the notation "untimely" . Signed by Judge Dee D Drell on 09/11/06. (crt,Leleux, M)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045083339 [Date=9/12/2006] [FileNumber=1110354-0 ]
[89b195426ec29fe90e619fb9328528372ac96ea0a73b74c183256fede165196ffab
1a2a4c8dfd6f2897020c4be34550d3de12ef3b0c039f630564e8f7654a803]]

1:00-cv-1338 Notice will be electronically mailed to:

Rebecca L Hudsmith      rebecca_hudsmith@fd.org, cheryl_alexander@fd.org;
louise_holdsworth@fd.org

2

Mary Ellen Hunley        hunleym@ag.state.la.us, youngja@ag.state.la.us

James Edwin Lewis        jimmarlew@msn.com

1:00-cv-1338 Notice will be delivered by other means to:

Glenn C Osborne
#132290
LA State Penitentiary
Angola, LA 70712

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.